UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARWIN JESUS HERNANDEZ JULIAO,

Petitioner,

-against-

LADEON FRANCIS, et al.,

Respondents.

26-CV-03977 (JAV)

TRANSFER ORDER

JEANNETTE A. VARGAS, United States District Judge:

Petitioner has, by a next friend, filed a Petition for the writ of *habeas corpus* under 28 U.S.C. § 2241.  For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Petitioner, by a next friend, filed this petition on May 13, 2026, when he was detained at the Delaney Hall Detention Facility, at 3:27 p.m., in Newark, New Jersey. Newark, New Jersey is located in the judicial district of the District of New Jersey.

Accordingly, because Petitioner was not located in the Southern District of New York at the time he filed this Petition, and therefore, the Court does not have jurisdiction over his custodian, *see Padilla*, 542 U.S. at 441, in the interest of justice, the Court transfers this petition to the United States District Court for the District of New Jersey. *See* 28 U.S.C. §§ 1404(a), 1406(a).

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey.

To ensure that Petitioner has an opportunity to have this petition considered by the District of New Jersey, and to preserve that court's jurisdiction to rule on the Petition, the Court hereby ORDERS that Petitioner shall not be removed from the United States absent further court order. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-0644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases.").

**The Court waives Local Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case, and directs immediate transfer.**

**The United States Attorney is directed forthwith to alert the Chief of the Civil Division United States Attorney's Office for the District of New Jersey of the transfer of this matter.**

The Court directs the Clerk of Court to mail a copy of this order to Petitioner at the address on record.

This order closes the case in the Southern District of New York.

SO ORDERED.

Dated:    May 28, 2026
          New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2